Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,729-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

ROBERT COFFEY                         Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 358,749

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Chad M. Ikerd

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

JASON W. WALTMAN
VICTORIA T. WASHINGTON
ALEXANDRA L. PORUBSKY
Assistant District Attorneys

* * * * *

Before PITMAN, HUNTER, and MARCOTTE, JJ.

**PITMAN, J**.

A unanimous jury convicted Defendant Robert Coffey of molestation of a juvenile. The trial court sentenced him to 15 years at hard labor. Defendant appeals his conviction on the basis of insufficiency of the evidence proving the acts alleged were lewd and lascivious and that he acted in a position of control or supervision over the victim. For the following reasons, we affirm his conviction and sentence.

### FACTS

In 2018, Defendant was charged in Caddo Parish with molestation of a juvenile, a violation of La. R.S. 14:81.2, for crimes that allegedly occurred between January 1986 and December 1987. The victim was his niece, J.N., who was approximately seven to eight years old when the acts took place. A jury trial was held June 16 and 17, 2021.

C.D.K., who is also the Defendant's niece, is now 36 years old. She stated that when she was very young, she and her mother visited him and his wife. He assaulted her during that visit by touching her vagina under her underwear. She did not report the incident. She testified that there were three other incidents that occurred in Shreveport, two at his home and one at his office, and other assaults that occurred in Texas. She eventually told her parents, who insisted she report Defendant to the police. In March 1996, Defendant was charged in Caddo Parish with contributing to the delinquency of a minor by intentionally enticing, aiding, soliciting and permitting her to perform a sexually immoral act. Defendant pled guilty to this crime.

B.A. testified that she was born in March 1976. She, her mother, sister and great aunt lived in Benton, Louisiana, in 1985. She stated that she met Defendant at church in the spring of that year when she was eight years

old. Her mother and Defendant began dating and married in November 1985. Her mother, Defendant and she eventually moved to Shreveport on Fairfield Avenue. She testified that from the very first day they lived in the house on Fairfield, Defendant began abusing her. The first night Defendant came into her bedroom and pulled down her underwear. She testified that she ran to tell her mother, but Defendant convinced her mother that she was lying. B.A. stated that, thereafter, she felt he was in "total control." She stated that Defendant would come into her room in the middle of the night, undress her and touch her genitals with his hands, tongue and fingers. He would expose his genitals by standing naked beside her bed and would watch her taking showers. This occurred from the time she was in fourth grade until she was 16, when she began to "fight back." In 1993, Defendant left the family home with his secretary, and she then told her mother what had been happening all those years. Her mother took her to the police station to make a report, but she said they were both traumatized and she did not want to testify. For these reasons, no charges were filed against Defendant.

J.F.F. testified that she was 11 years old when Defendant began dating her mother. Defendant and her mother lived together in Shreveport in 1994 and then she, her mother and Defendant moved to Durango, Colorado, where they lived for four years. She stated that Defendant raped and molested her repeatedly until she was almost 18 years old. She did not tell anyone about this until she was a freshman in college and was visiting an aunt in Houston. Defendant was present at that visit and attempted to come into her bedroom and touch her. She testified that she pushed him away and told him no and that her aunt and uncle heard the conversation through a

baby monitor and confronted her about it. They convinced her to go to the authorities in Colorado, and Defendant was charged with sexual assault of a child. Although J.F.F. was not clear on the type of legal proceeding she attended, it was suggested by the attorney that perhaps she appeared at a sentencing hearing. Defendant pled guilty in 2000 and was sentenced to 20 years in prison in Colorado. A copy of the judgment of conviction and sentence was placed in evidence.

J.N., the victim in this case, testified that she was born in March 1980. She stated that she was seven years old and living in Shreveport when she first met Defendant, who was married to her aunt, B.A.'s mother. When J.N. was about eight years old, she went to their house and Defendant asked her to come into a walk-in closet upstairs while the rest of the family was downstairs. She entered the closet and he stood behind her talking about the pretty clothes, then moved her hair to the side and started to rub and kiss her neck. She stated she froze and did not know what to do. She does not remember why, but said the incident ended quickly, perhaps because someone came upstairs.

J.N. also testified that she had gone to Defendant's house to spend the night with B.A. because her own parents were out of town. She stated that she shared a bed with her cousin and was lying on her stomach. Defendant came in and started rubbing her back, the side of her breasts and lower behind and was touching her under her pajamas. He tried to turn her over, but she pretended to sleep and was resisting being turned. Her aunt called his name, and he left the room.

J.N. stated that she told her parents what had happened and they were very upset. Her parents called B.A.'s mother and grandparents to tell them;

3

and, although they did not report the incidents to the police, they kept her away from Defendant. Her family moved to Texas when she was 12 years old.

Det. Skylar Van Zandt of the Shreveport Police Department works as a supervisor overseeing the crime scene investigations unit. He is trained in fingerprint identification and is a certified latent print examiner. He testified that he took the right-hand fingerprints of Defendant on the day of trial, marking the card with his name, date of birth and a description. He signed and dated the card, which was later introduced as State Exhibit 4.

Det. Van Zandt compared the prints on State Exhibit 4 with prints from State Exhibit 1, which was the bill of information in the case involving the molestation of C.D.K., and State Exhibit 3, the fingerprints from the case in Colorado pertaining to J.F.F. He stated that he was able to establish that all of the fingerprints matched those of Defendant.

On June 17, 2021, the jury returned a unanimous verdict finding Defendant guilty of molestation of a juvenile where the offender has control or supervision over the juvenile. On June 28, 2021, Defendant filed a motion for post-verdict judgment of acquittal and a motion for new trial, both of which were denied the next day. On July 28, 2021, at the sentencing hearing, the trial court referenced the motions and stated that they had been denied as being untimely filed.

The trial court noted that at the time the offenses were committed, the law provided punishment by a fine of not more than $10,000 or imprisonment with or without hard labor for not less than one nor more than 15 years, or both. After considering La. C. Cr. P. art. 894.1(A) and (B), and

finding aggravating circumstances, the court sentenced Defendant to pay a fine of $2,500 and to serve 15 years at hard labor.

Defendant appeals his conviction, claiming there is insufficient evidence to prove him guilty of the molestation of J.N.

## DISCUSSION

Defendant argues that the evidence was insufficient to convict him of the crime of molestation of a juvenile because the state failed to prove two elements essential to the crime, i.e., his actions were "lewd or lascivious" and he was able to act by virtue of his position of control or supervision of J.N.

Defendant contends that only the testimony of J.N. should be considered in determining whether he is guilty of the crime. He argues that the evidence presented in the first alleged incident, in the walk-in closet, was insufficient to prove that he intended anything other than to kiss J.N.'s neck. He asserts that the family was downstairs and that there was no evidence that he physically prevented her from leaving, forcibly held her down or told her not to tell anyone he kissed her neck.

Defendant further argues that the evidence of the incident in B.A.'s bedroom was also insufficient in that although J.N. testified that he touched her under her pajamas, she did not describe if that meant the pajama top or the bottom, if the bottom was shorts or covered her entire leg. He states that there was no testimony of the length of time it took for the incident to take place, but it was implied that it was a relatively short time, which ended when his wife called him from outside the room. He asserts that there is no proof his actions were lewd or lascivious as defined by the law.

5

Defendant contends that a crucial element of the crime of molestation of a juvenile is that it occurs by "use of control or supervision." He argues that La. R.S. 14:81.2 differentiates between molestation of a juvenile, where the offender has control or supervision over the juvenile, and simple molestation of a juvenile, as indicated by the different sentencing provisions in sections (B) and (C) of the statute of 1986. He claims that if the acts were committed without control or supervision, in order to qualify as molestation of a juvenile, the perpetrator would have to use "[F]orce, violence, duress, menace, psychological intimidation [or] threat of great bodily harm." Defendant claims there was no evidence offered to show that he used force or intimidation, duress or menace, psychological intimidation, or threat of great bodily harm. Further, there was insufficient evidence to show he had any control over J.N. simply because she was staying the night at his house. For these reasons, he claims the court should reverse his conviction and enter an acquittal in the record.

The state argues that Defendant's arguments are without merit and that the record demonstrates he engaged in lewd and lascivious acts with J.N. while she was under his supervision and control. It asserts that it proved every element of the crime of molestation of a juvenile and that Defendant's actions of stroking J.N.'s buttocks, sides of her breasts and her back underneath her clothes while she pretended to sleep constitute lewd and lascivious acts. Further, J.N. was staying the night at her aunt's house because her parents were out of town. Thus, it claims that Defendant and his wife were in a position of control and supervision over her while she stayed in their home; and Defendant took advantage of her when the opportunity arose. It contends that the amount of time he spent with her is irrelevant and

6

that what is relevant is that he was the authority figure in the home when a young child came to stay the night. For the foregoing reasons, it argues that it proved every element of the crime of molestation of a juvenile and that Defendant's conviction should be affirmed.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517.

In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Wilson*, 50,418 (La. App. 2 Cir. 4/6/16), 189 So. 3d 513, *writ denied*, 16-0793 (La. 4/13/17), 218 So. 3d 629. Likewise, the sole testimony of a sexual assault victim is sufficient to support a requisite factual finding. *Id*. Such testimony alone is sufficient even where the state does not introduce medical, scientific or physical evidence to prove the commission of the offense by the defendant. *Id*.

In 1986, the time of commission of the crime, La. R.S. 14:81.2(A) and (C) stated as follows:

A.  Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

\* \* \*

C.  Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both.

In order to convict an accused of molestation of a juvenile, the state must prove beyond a reasonable doubt that defendant (1) was over the age of 17 and more than two years older than the victim; (2) committed a lewd or lascivious act upon the person or in the presence of any child under the age of 17; (3) had the specific intent to arouse or gratify the sexual desires of himself or the victim; and (4) committed the act by use of force, duress, psychological intimidation or by the use of influence by virtue of a position of control or supervision over the juvenile. *State v. Wilson*, *supra*.  A lewd or lascivious act is one which tends to excite lust and to deprave morals with respect to sexual relations and which is indecent. *State v. Redfearn*, 44,709 (La. App. 2 Cir. 9/23/09), 22 So. 3d 1078, *writ denied*, 09-2206 (La. 4/9/10), 31 So. 3d 381.  In the instant case, the age of Defendant and the age difference between Defendant and J.N. are not at issue.

The harsher penalty provision for molestation of a juvenile where the offender has control or supervision over a juvenile exists because an offender who has control or supervision over a juvenile is in a position of

8

trust. *State v. Lewis*, 52,367 (La. App. 2 Cir. 11/14/18), 260 So. 3d 1220. The meaning of the phrase "influence by virtue of a position of control or supervision" in La. R.S. 14:81.2 is not restricted in its application to persons to whom the parent entrusts the child for care, usually for a fee, such as babysitters, child care workers or teachers. *Id.* Rather, the statute permits finding evidence of supervision or control by noncustodial parents, relatives, friends and neighbors of young victims. *Id.* Living in the home with the victim, acting as a father figure to the victim and exercising emotional control over the victim have been found to be sufficient to support a finding of supervision or control. *Id.* Louisiana courts consider the following factors when making a determination as to whether a defendant used influence by virtue of his position of supervision or control over the victim: (1) the amount of time the defendant spent alone with the victim; (2) the nature of the relationship between the victim and the defendant; (3) the defendant's age; and (4) the defendant's authority to discipline. *Id.*

J.N. testified that when she was seven or eight years old, Defendant not only lured her into a walk-in closet and kissed the back of her neck but also came into her bedroom while she was sleeping and began to rub the side of her breasts and buttocks, under her pajamas, and then tried to turn her over. He only stopped touching her when his wife called out to him. These actions are lewd and lascivious and intended to excite lust in Defendant. Such actions were certainly indecent and showed Defendant's intent to arouse himself by the use of influence by virtue of his position of control or supervision over the juvenile. He was the adult in charge at the home in which she was staying; and, as a young child, the only action she could take in the situation was to resist his attempts to turn her over. Viewing the

9

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of molestation of a juvenile proven beyond a reasonable doubt.

The assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant Robert Coffey are affirmed.

**AFFIRMED.**